FIDEL BENERO-RIVERA, Plaintiff and Appellee, *v.* ENRIQUE ALVARADO ET AL., Defendants and Appellants.

No. 4548. Argued April 23, 1928.—Decided May 1, 1928.

*Tous Soto & Quiñones* for the appellants. *José E. Díaz* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Defendants Enrique Alvarado, Alejandro Laborde and Manuel Benítez Rexach, against whom judgment was rendered on the 24th of January by the District Court of San Juan, appealed from that judgment on the 27th of February, as appears from a certificate issued by the clerk of the District Court of San Juan which shows also that there is no record that the defendants made any motion for an extension of time for filing the transcript or statement of the case. The defendants made a motion in this court on March 18th of the current year for an extension of the time for filing the record and the court granted them an extension until April 6, 1928. Later a similar motion was filed on April 7th and an extension until May 6th was granted.

The plaintiff now moves for a dismissal of the appeal on the ground that it was presented after the expiration of the statutory period.

The appellants admit that their appeal was taken on February 27, 1928, but allege that neither they nor their attorneys who signed the notice, Tous Soto & Quiñones, have been given notice of the judgment, either on the date of its rendition or subsequently, and that the only notice given was to attorney Antonio J. Amadeo who on the date of the notice was no longer the attorney for the defendants because he had presented a motion on November 10th to the effect that the representation of the defendants had been given to

attorney Manuel Tous Soto and that the said motion was made prior to the judgment in the case; that the clerk did not comply with the law in giving notice to attorney Antonio Amadeo, and that the present attorneys for the appellants appeared before the district court and admitted that they had been notified of the judgment on February 27, 1928. This opposition was accompanied by a copy of the motion of attorney A. J. Amadeo renouncing his representation, although the motion does not appear to have been notified either by the attorneys for the defendants or to the attorney for the plaintiff. It was also accompanied by a certified copy of the notice given by the clerk of the district court to attorneys José E. Díaz and Antonio J. Amadeo to the effect that judgment in this case had been rendered on January 24, 1928.

The appellee also presented a certified copy of a motion made by the defendants in the case in the District Court of San Juan on February 7, 1928, signed by attorneys Tous Soto & Quiñones asking for an order setting aside the judgment entered in this case.

The appeal was presented outside of the statutory period.

From the evidence presented in the present case it does not appear that attorney Tous Soto, or any other attorney had appeared in the case prior to February 7, 1928, in the names of the defendants. Nor was it proved that the withdrawal of attorney Amadeo was notified to any of the parties. A substitution of attorney in an action is not complete and perfect without the notice to the adverse party and an order of the judge. See Corpus Juris, vol. 6, page 678, par. 195; Rules 25 and 26 of the District Courts; *Succession of Lluveras* v. *Sepúlveda, Judge,* 20 P.R.R. 279, and *Olivar* v. *Andino,* 21 P.R.R. 502.

Under these conditions the clerk gave the notice to the attorney appearing of record and he has not exceeded his duty.

The motion to dismiss is sustained.